UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LAURA CASTRO,

      Plaintiff,

v.

FREDERICK J. HANNA & ASSOCIATES, P.C.,
*a Georgia Professional Corporation,*

      Defendant.

_____/

## COMPLAINT AND JURY DEMAND

1.    Plaintiff alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under the *Fair Debt Collection Practices Act* pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k.*

3.    Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

4.    Plaintiff, Laura Castro, ("Plaintiff"), is a natural person and citizen of the State of Florida, residing in Saint Lucie County, Florida.

5.    Defendant, Frederick J. Hanna & Associates, P.C., ("Defendant"), is a Georgia Professional Corporation and law firm engaged in the business of collecting consumer

debts which operates from offices located at 7901 Southwest Sixth Court, Suite 310, Plantation, Florida 33324.

6.      Defendant regularly engages in interstate commerce, reaching into the State of Florida using the mail and telephone in a business which attempts to collect consumer debts.

7.      Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

8.      Defendant regularly collects or attempts to collect, directly or indirectly, consumer-credit card debts on behalf of both credit-card issuers and debt buyers that purchase portfolios of defaulted credit-card debts.  Defendant is therefore a "debt collector" as defined in *15 U.S.C. §1692a(6)*.

9.      At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FDCPA FACTUAL ALLEGATIONS

10.     Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a credit-card account.  The credit-card was not acquired for any commercial purpose.  The debt was incurred primarily for personal, household or family purposes.

11.     On or about January 16, 2015, Defendant mailed Plaintiff a letter in regard to an alleged debt owed by Plaintiff.  (The "Notice" attached hereto as "Exhibit 1").

12.     The Notice states, in part:

> If you notify this office within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a Judgment and mail you a copy of such Judgment or

verification. If you request within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

13.     The Notice was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

14.     *15 U.S.C. §1692g(a)* states:

Validation of debts.

(a) Notice of debt; contents.   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's **written request** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

15.     The language contained in the Notice is false and misleading.

16.    The Notice incorrectly omits request for verification of the debt to be in writing, despite the clear wording of *15 U.S.C. §1692g(a)(4)*.

17.    The Notice incorrectly omits the writing requirement for requests of the name of the original creditor, despite the clear wording of *15 U.S.C. §1692g(a)(5)*.

18.    *15 U.S.C. §1692e (10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

19.    Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## COUNT I

## VIOLATIONS OF *15 U.S.C.  §§ 1692g(a)(4) and 1692g(a)(5)*

20.    Plaintiff re-alleges Paragraphs 1 through 19.

21.    After an initial communication with Plaintiff pursuant to *15 U.S.C. §1692g(a)(4)* the Defendant must provide the Plaintiff with:

> [A] statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or

judgment will be mailed to the consumer by the debt collector;

(Emphasis added).

22.     After an initial communication with Plaintiff pursuant to *15 U.S.C. §1692g(a)(5),* the Defendant must provide the Plaintiff with:

[A] statement that, upon the consumer's **written request** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

23.     Defendant sent a Notice to Plaintiff on behalf of Portfolio Recovery Associates, LLC, in an attempt to collect a debt, namely to collect the balance owed on a credit card.

24.     The Notice was the initial communication between Defendant and Plaintiff or made within five days of the initial communication.

25.     The wording included in the Notice is misleading and false as it incorrectly omits requests for verification of the debt to be in writing, despite the clear wording of *15 U.S.C. §1692g(a)(4).*

26.     The wording included in the Notice is misleading and false as it incorrectly omits the writing requirement for requests of the name of the original creditor, despite the clear wording of *15 U.S.C. §1692g(a)(5)*

27.     As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

28.     As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k.*

## COUNT II

## VIOLATION OF *15 U.S.C. §1692e*

29.     Plaintiff re-alleges Paragraphs 1 through 19.

30.     *15 U.S.C. §1692e* provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31.     Pursuant to *15 U.S.C. §1692e*, Defendant may not use any false, deceptive, or misleading representations in the Notice.

32.     Defendant's Notice was a communication between Defendant and Plaintiff used in an attempt to collect a debt and misrepresents section *15 U.S.C. §1692g(a)* of the *FDCPA*, by omitting requests for verification of the debt be in writing, despite the clear wording of *15 U.S.C. §1692g(a)(4)*.

33.     Defendant's Notice incorrectly omits the writing requirement for requests of the name of the original creditor, despite the clear wording of *15 U.S.C. §1692g(a)(5)*.

34.     Defendant's Notice would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

35.     Defendant, through its agents, representative and/or employees acting within the scope of their authority acted willfully and intentionally violated *15 U.S.C. §1692e*.

36.     As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

37.     As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

    a.   An award of statutory damages for Plaintiff pursuant to *15 U.S.C. §1692k*;

    b.   Attorney's fees, litigation expenses and costs of the instant suit; and

    c.   Such other and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: June 29, 2015

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esq.
DESMOND LAW FIRM, P.C.
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: (772) 231-9600
Facsimile: (772) 231-0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

*/s/ S. Keley Jacobson*
S. Keley Jacobson, Esq.
DESMOND LAW FIRM, P.C.
Florida Bar No. 102200
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: (772) 231-9600
Facsimile: (772) 231-0300

jacobson@verobeachlegal.com
*Attorney for Plaintiff*